**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DANIEL YOFFRIEN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| ACTIVITY COLLECTION SERVICES, INC., | ) ) |
| Defendant. | ) ) |

## COMPLAINT

## INTRODUCTION

1. Plaintiff Daniel Yoffrien brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Activity Collection Services, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District;

    b. Defendant does or transacts business within this District.

## PARTIES

4. Plaintiff Daniel Yoffrien is an individual who resides in the Northern District of Illinois.

5. Defendant Activity Collection Services, Inc. is an Illinois corporation with offices at 664 N. Milwaukee Ave., Prospect Heights, IL 60070. Its registered agent is Michael Kaplan at that address.

6. Activity Collection Services, Inc. is engaged in the business of a collection

agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Activity Collection Services, Inc. is a debt collector as defined in the FDCPA.

## FACTS

8. Defendant has been attempting to collect from plaintiff an alleged health care debt incurred, if at all, for personal, family or household purposes.

9. Within a year prior to the filing of this action, defendant left plaintiff voicemail messages as follows:

> a. Hello, Daniel Yoffrien, please call Neil Stevens at 847-520-7171 on Tuesday afternoon between 1 and 5 p.m. Thank you.
>
> b. Hello, Daniel Yoffrien, please call Neil Stevens at 847-520-7171 before 5 p.m. today, or tomorrow, Wednesday, between 1 and 5. Thank you.

10. The number 847-520-7171 is used by defendant.

11. The calls did not identify the company calling or state that the calls were for debt collection purposes.

12. On information and belief, defendant has a standard policy and practice of leaving telephone messages that do not identify the company calling or state that the call is for collection purposes.

## COUNT I – FDCPA

13. Plaintiff incorporates paragraphs 1-12.

14. Defendant's telephone messages violated 15 U.S.C. §§1692e and 1692e(11), as well as 15 U.S.C. §1692d(6).

15. Each telephone message was a "communication" within the meaning of 15 U.S.C. §§1692d(6) and 1692e. *Ramirez v. Apex Financial Mgmt., LLC,* 567 F.Supp.2d 1035 (N.D.Ill. 2008); *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph*

*v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006); *Leyse v. Corporation Collection Servs.*, 03 Civ. 8491, 2006 U.S.Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006).

16. The telephone messages violate 15 U.S.C. §1692d(6) and 15 U.S.C. §§1692e and 1692e(11) because:

    a. The messages do not contain the warning required by 15 U.S.C. §1692e(11).

    b. The messages did not identify defendant. See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F.Supp. 591, 593 (N.D.Ga. 1982); *Valencia v. Affiliated Group, Inc.,* 07-61381, 2008 U.S. Dist. LEXIS 73008 (S.D.Fla., Sept. 23, 2008).

17. 15 U.S.C. §1692d(6) makes it unlawful for a debt collector to engage in the following conduct: "Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity."

18. Section 1692e provides:

> **§ 1692e.     False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

      (1)    Statutory damages;

      (2)    Attorney's fees, litigation expenses and costs of suit;

      (3)    Such other and further relief as the Court deems proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


/s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/ Daniel A. Edelman
Daniel A. Edelman